**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                **CIVIL ACTION NO.: 5:23-CR-188
HONORABLE JOSEPH R. GOODWIN**

CHAD LESTER,

    Defendant.

### DEFENDANT CHAD LESTER'S MOTION
### FOR A VARIANCE AND SETENCING MEMORANDUM

Chad Lester, by counsel, submits this Motion for a Variance and Sentencing Memorandum in connection with his sentencing set for May 15, 2025. Defendant hereby moves the Court to grant him a sentence of imprisonment that is less than the sentencing range resulting solely by calculations of the advisory sentencing guidelines, Defendant prays for such a variance as supported by all sentencing factors mandated by 18 U.S.C. §3553(a).

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.

**The nature and circumstances of the offense; the history and characteristics of Defendant.**

Obstruction of justice is recognized as a serious criminal offense.

Mr. Lester has no criminal history and is a first-time offender. He grew up in a loving and supporting family, and was greatly influenced by his father, a combat veteran of the U.S. Army who served in Vietnam. Until about age 16 his family resided in Warrenton, VA, in the greater Washington D.C. metro area. His father retired from his

employment with the Federal Aviation Administration. His family then moved to Raleigh County, where Mr. Lester graduated from Shady Spring High School in 2008, where he maintained a solid B average, played on the football team, and participated in the Future Farmers of America. Mr. Lester is now 35 years old. Two months after graduation, he went to work for the Regional Jail Authority working at the Southern Regional Jail. He remained employed at the jail until he was arrested on or about November 30, 2023. Mr. Lester rose to the rank of Lieutenant. He received extensive training and earned many certifications through DOC trainings over the years. Several times he was nominated for Officer of the Year at the jail and was awarded that honor one year.

In 2016, Defendant was brutally beaten by inmates, who first knocked him unconscious and then continued to beat him. That attack resulted in serious injuries: traumatic brain injury, torn tendons in his knees and legs, a chipped kneecap, and injuries to his spine. Physicians performed three surgeries on his knees, and recommended surgery to fuse damaged vertebrae. Although physicians advised him that the proposed surgery may help reduce his back pain, he so far has declined the surgery because he fears that the reduced range of motion would interfere with his work. In addition to chronic pain that continues caused by the beating, he also suffers from migraine headaches, PTSD, night terrors and depression. As a result of that beating, he was off work for about eighteen (18) months for continued treatment and rehabilitation. On another occasion an inmate knocked out two teeth during an altercation. On yet another occasion during a confrontation with another inmate, he suffered painful injuries to his private parts, resulting in about two weeks off work. To this day he continues to suffer chronic pain from the first beating.

2

Defendant married in 2010. The couple separated in 2023 but remained close. During that time, he and his wife shared custody of their children – Aiden, age 8, and Jericho, age 7. He was close to his young sons and has continued to keep the relationships as close as possible since his arrest and detention, by telephone and video conferences from the jail. In summary, Mr. Lester has been a hardworking, upstanding man, excellent father, and family man. Until this case he had been a contributing member of society, and his record had been without blemish prior to this case.

 **The need for the sentence imposed to:**

**To reflect the seriousness of the offenses, promote respect for the law and provide just punishment. §3553 (a)(2)(A)**

The Probation Officer has calculated the guideline prison range to be 210 to 262 months (over 17 to almost 22 years), and the Government has calculated the range to be 188 to 235 months (over 15 years and up to 19 years). Defendant's counsel has suggested a sentence of 51 to 63 months (about 4.25 to 5.25 years).

Defendant's crimes were serious because they related to very serious conduct by others, whose conduct combined with Mr. Burk's physical condition, resulted in his death. The evidence appears to establish that no one acted with an intent to kill Mr. Burks. Another critical fact – not in dispute – is that Defendant did not instigate or participate in the beating. Defendant's conduct did not begin until after Mr. Burk's death. Simply put, Defendant Lester had absolutely no part in that beating and death.

So, we return to the obstruction convictions. Defendant's conduct does not appear to have caused any substantial delay to the federal officials' investigation. Counsel is not aware of any evidence, or even assertion by the government, that the investigation was actually delayed, diverted, or effectively obstructed. All of the Co-Defendants have pled

3

guilty. Proof of unreasonable and excessive force was immediately available to investigators before noon on March 1, 2022. The video of Mr. Burks shows him acting out in C pod, where he waived about a mop handle and is shown to be highly agitated. The video also captured the confrontation in the sallyport[1]. Efforts to obstruct were doomed to fail, and did fail.

A prison sentence of some years will suffice to promote respect for the law. A sentence of 15 or 21 years in prison is not necessary to advance respect for the law. As for "just punishment," a four-to-six-year sentence will be sufficient "just punishment." Just punishment appears to relate to justice that is broader and deeper than the sentencing guidelines, alone, comprehend. Justice must closely consider not only the crimes of obstruction, but also must account for Mr. Lester's history, character, community ties and family. There is no magic in the mathematics, and no God's truth therein. Once again, 15 to 21 years in prison will not serve true justice for Mr. Lester nor Mr. Burks.

**To afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant. §3553(a)(2)(B) and (C)**

In view of Defendant's history and character, a sentence of some years will serve the purposes of general and specific deterrence.

**To provide educational, vocational training, medical care and treatment. §3553(a)(2)(D)**

Defendant may benefit from BOP programs, but he is an intelligent man who comes from a good family, and he has always worked and strived to be a good worker and to provide and care for his family. Mr. Lester can receive further training, education and treatment without the services of the BOP.

---

[1] WV Division of Corrections Criminal Investigators quickly reviewed the sallyport video and identified specific acts of excessive force by CO s Holdren, Snyder and Walters.

**The kind of sentences available and the sentencing range established under the guidelines. §3553(a)(3) and (4)**

The only kind of sentence realistically available – in this case – is prison. The Probation Officer and Government commendably and assiduously adhere to strict and literal applications of the sentencing guidelines. Defense counsel is not surprised. One cannot expect them to do otherwise, but that approach leaves no room for consideration of leniency, mercy and a more comprehensive and meaningful concept of justice.

**The need to avoid unwarranted sentence disparities among similar Defendants guilty of similar conduct. §3553(a)(6)**

It appears we are on our own here. Insufficient data from the Sentencing Commission. No data or information from the Criminal Section of the Civil Rights Division of DOJ. Defense counsel likewise has no data. That leaves Co-Defendants for comparison, but none has yet been sentenced.[2] There remains only this: Lester did not beat Mr. Burks; all other participants either hit, punched, kicked, stomped, banged his head against hard objections, dropped him to the concrete floor, etc., etc., while others stood by merely observing, but not acting to help Mr. Burks.

**The need to provide restitution to victims of the offense. §3553(a)(7)**

Neither Mr. Burks nor his family are victims of the obstruction and so far, no one has submitted a claim for restitution.

## **CONCLUSION**

Defendant's counsel engaged in many discussions with Mr. Lester concerning possible resolutions of his case through a plea agreement. Mr. Lester, however, could not enter a plea agreement with the government because he believed that he would have

---

[2] As of the time of this writing.

to testify that he was in fact guilty.   He refused to do so, repeatedly stating he could not lie and would not lie to achieve a possibly better outcome.  For the reasons stated above and inconsideration of all 3553(a) mandates, Defendant prays this Court grant the variance from the guidelines.

                                        **Chad Lester**
                                        By Counsel,

                                        */s/ S. Benjamin Bryant*
                                        S. Benjamin Bryant, WV State Bar No.  520

**BRYANT LAW**
**PO BOX 1104**
**CLENDENIN, WV 25045**
**(304) 590-4766**
ben@bryantlawwv.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 5:23-CR-188**
　　　　　　　　　　　　　　　　　**HONORABLE JOSEPH R. GOODWIN**

**CHAD LESTER,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify on the 8th day of May 2025, I electronically filed the foregoing ***Defendant Chad Lester's Motion for a Variance and Sentencing Memorandum*** with the Clerk of the Court via the CM/ECF system which will send notification to the following:

Christine M. Siscaretti, Esq.
Tenette R. Smith, Esq.
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue
Washington, D.C., 20530

John J. Frail, Assistant US Attorney
United States Attorney's Office
300 Virginia Street, East
Suite 400
Charleston, WV 25301


Patrick Fidler
Senior U.S. Probation Officer
U.S. Probation Office
300 Virginia Street, East
Suite 1200
Charleston, WV 25301

                                              */s/ S. Benjamin Bryant*
                                              S. Benjamin Bryant, WV State Bar No. 520

**BRYANT LAW**
**PO B**OX **1104**
**C**LENDENIN**, WV 25045**
**(304) 590-4766**
ben@bryantlawwv.com